## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **MIRIAM WESTVEER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:17-cv-1112** |
| **MIDLAND FUNDING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

Jeffrey D. Mapes (P70509)
Jeffrey D. Mapes PLC
Attorneys for Plaintiff
29 Pearl St. NW, Ste. 305
Grand Rapids, MI 49503
Telephone: (616)-719-3847
jeff@mapesdebt.com

Theodore W. Seitz (P60320)
Kyle M. Asher (P80359)
Dykema Gossett PLLC
Attorneys for Defendant
Capitol View
201 Townsend St., Suite 900
Lansing, MI 48933
Telephone: (517) 374-9149
tseitz@dykema.com
kasher@dykema.com

---

### DEFENDANT MIDLAND FUNDING, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Midland Funding, LLC, by its attorneys Dykema Gossett PLLC, answers

Plaintiff's Complaint as follows:

### INTRODUCTION

1.  Defendant Midland Funding (hereafter "Defendant") harassed Plaintiff Miriam Westveer ("Plaintiff") for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, and Plaintiff had never provided them with either express or implied consent to receive such calls.

    **ANSWER:**   Defendant denies the allegations in Paragraph 1.

2.     Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

    **ANSWER:**    Defendant denies the allegations in Paragraph 2.

3.     The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.*, 132 S.Ct. 740 (2012).

    **ANSWER:**    Defendant admits only that Plaintiff purports to bring this action under the Telephone Consumer Protection Act ("TCPA").   Defendant denies the remaining allegations of Paragraph 3, including that it violated the TCPA.

4.     According to the Federal Communications Commission (FCC), Unwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.govidocument/fact-sheet-consumer-protection-proposal.

    **ANSWER**:    Defendant admits only that Plaintiff purports to bring this action under the TCPA, over which the FCC has some jurisdiction.   Defendant denies the remaining allegations of Paragraph 4, including that Defendant violated the TCPA.

5.     Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modem civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

    **ANSWER**:    Defendant admits only that Plaintiff purports to bring this action under the TCPA, of which former Senator Hollings was a sponsor.   Defendant otherwise denies the remaining allegations of Paragraph 5, including that it violated the TCPA.

6.     Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because the calls brought on depression, feelings of anxiety, caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with her ability to make and receive phone calls on her cellular telephone.

    **ANSWER:**    Defendant denies the allegations in Paragraph 6.

## JURISDICTION

7.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

**ANSWER:**    Defendant admits only that Plaintiff purports to bring this action under the TCPA and Fair Debt Collection Practices Act ("FDCPA"), which would provide this Court with federal question jurisdiction under 28 U.S.C. § 1331.  Defendant denies that supplemental jurisdiction is appropriate for Plaintiff's claim brought under the Michigan Occupational Code ("MOC").

8.    This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq*., the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et. seq*., the Michigan Occupational Code M.C.L. §339.901 *et. seq*. ("MOC").

**ANSWER:**    Defendant admits only that Plaintiff purports to bring this action under the TCPA, FDCPA, and MOC.  Defendant denies the remaining allegations of Paragraph 8, including that it violated the TCPA, FDCPA, and MOC.

9.    Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

**ANSWER:**    Defendant denies that venue is proper in this District, including for the reason that Defendant does not transact business in this District, nor does Defendant place phones calls into this District.

## PARTIES

10.    Plaintiff is a natural person who resides in the City of Grand Rapids, County of Kent, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

**ANSWER:**    The allegations in Paragraph 10 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendant is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 10.

11.    Defendant is a Delaware corporation and is conducting business through its registered agent CSC-Lawyers Incorporating Service, 601 Abbott Rd., East Lansing MI, 48823.

**ANSWER:**    Defendant admits that it is a limited liability company organized under Delaware law; that it has a principal place of business in San Diego, California, and that it has a registered agent in Michigan.  Defendant denies the remaining allegations of Paragraph 11, including that Defendant is "conducting business through its registered agent."

12.    Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

**ANSWER:** The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 12

13. Defendant is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. Defendant maintains a valid license from the State of Michigan to collect consumer debts in Michigan. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

**ANSWER:** The allegations in Paragraph 13 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

14. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

**ANSWER:** Defendant denies the allegations in Paragraph 14.

15. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

**ANSWER:** Defendant denies the allegations in Paragraph 15.

16. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

**ANSWER:** Defendant denies the allegations in Paragraph 16.

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

**ANSWER:** Defendant denies the allegations in Paragraph 17.

18. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

**ANSWER:** Defendant denies the allegations in Paragraph 17.

## FACTUAL ALLEGATIONS

19. On or around April of 2016, and within one year immediately preceding the filing of this complaint, Defendant began repeated attempts to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

4

**ANSWER:**   The allegations in Paragraph 19 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 19.

20.   Plaintiff's personal cellular telephone number is (616) XXX-0160.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 20.

21.   On or around April of 2016, and within one year immediately preceding the filing of this complaint, Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**ANSWER:**   The allegations in Paragraph 21 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 21.

22.   Without Plaintiff's prior express consent, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt at least twenty-five (25) times.

**ANSWER:**   The allegations in Paragraph 22 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 22.

23.   These calls were not made for emergency purposes.

**ANSWER:**   The allegations in Paragraph 23 contain legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations of Paragraph 23.

24.   Defendant placed these calls repeatedly and continuously, often multiple times per day.

**ANSWER:**   Defendant denies the allegations in Paragraph 24.

25.   When Plaintiff answered the phone she was met by a long period of silence or "dead air" before any representative came on the line.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25.

26.   Dead air calls are the hallmark of calls placed using automated or predictive dialers.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 26.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

27.   Plaintiff did not have her current telephone number when she opened the account in question.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 27.

28.   Plaintiff has never provided Defendant nor any of its assignors with her current telephone number.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 28.

### *Count I — Telephone Consumer Protection Act*

29.   All calls and messages were sent in willful violation of the TCPA because Defendant never obtained Plaintiff's prior express consent to make automated calls to her cell phone or to send her prerecorded and/or synthesized messages on her cell phone.

**ANSWER:**   The allegations of Paragraph 29 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 29.

30.   Defendant's repeated autodialed collection calls to Plaintiff's cellular telephone within the last four years prior to filing this complaint were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 et seq.

**ANSWER:**   The allegations of Paragraph 30 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 30.

31.   The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone, disrupted Plaintiff's sleep, and eliminated the peace and solitude that the Plaintiff would have otherwise had.

**ANSWER:**   Defendant denies the allegations in Paragraph 31.

32.   Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service for which the Plaintiff paid money.

**ANSWER:**   Defendant denies the allegations in Paragraph 32.

33.   Defendant's actions were intentional and knowing.

**ANSWER:**   Defendant denies the allegations in Paragraph 33.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

*Count II — Violation of 15 U.S.C. § 1692d and MCL § 339.915(n)*

34.    Pursuant to 15 U.S.C. §1692d(5), a debt collector may not cause a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   **ANSWER:**    The allegations of Paragraph 34 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 34.

35.    MCL § 339.915(n) prohibits licensees from Using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor.

   **ANSWER:**    The allegations of Paragraph 35 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 35.

36.    The majority of calls to Plaintiff were either ignored by Plaintiff or sent to voicemail.

   **ANSWER:**    Defendant is without knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 36.

37.    Defendant placed an unreasonable amount of telephone calls to Plaintiff with the intent to harass, annoy, abuse, and/or oppress her.

   **ANSWER:**    Defendant denies the allegations in Paragraph 37.

38.    Defendant intentionally continued to contact Plaintiff with the intent of annoying her enough that they could extract payment from her in violation of 15 U.S.C. §1692d(5) and MCL § 339.915(n).

   **ANSWER:**    The allegations of Paragraph 38 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 38.

*Count V[sic] — Violation of MCL § 339.915(q)*

39.    Pursuant to MCL § 339.915(q) a licensee may not fail to implement a procedure designed to prevent a violation by an employee.

   **ANSWER:**    The allegations of Paragraph 39 set forth a legal conclusion to which no response is required.   To the extent a response is required, Defendant denies the allegations of Paragraph 39.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN  48933

40. Defendant's multiple violations of the MOC, FDCPA, and TCPA are evidence that there were no procedures implemented by Defendant that would have prevented a violation by employees.

**ANSWER:** The allegations of Paragraph 40 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 40.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

**ANSWER:** The allegations of Paragraph 41 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff submits a demand for trial by jury, but Defendant denies that Plaintiff's claims contain triable jury issues.

## PRAYER FOR RELIEF

### Telephone Collection Practices Act

42. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

**ANSWER:** The allegations of Paragraph 42 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 42.

43. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

**ANSWER:** The allegations of Paragraph 43 set forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 43.

44. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore**, Plaintiff seeks judgment against Defendant for:

a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

8

c)      An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

**ANSWER:**    The allegations of Paragraph 44, including subparts (a) – (b) set forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 44.

## Fair Debt Collection Practices Act

45.    Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

a.    Defendant violated 15 U.S.C. §1692d.

**Wherefore**, Plaintiff seeks judgment against defendant for:

a)    Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

b)    Statutory damages pursuant to 15 U.S.C. §16921(a)(2)(A);

c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

d)    Such further relief as the court deems just and equitable.

**ANSWER:**    The allegations of Paragraph 45, including subparts (a) – (d) set forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 45.

## Michigan Occupational Code

46.    Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

a.    Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

b.    Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

**Wherefore**, Plaintiff seeks judgment against defendant for:

a)    Actual damages pursuant to M.C.L. §339.916(2);

b)    Treble the actual damages pursuant to M.C.L. §339.916(2);

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

c)      Statutory damages pursuant to M.C.L. §339.916(2);

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

e)      Equitable relief pursuant to M.C.L. §339.916(2).

**ANSWER:**    The allegations of Paragraph 46, including subparts (a) – (b) and (a) - (e) set forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 46.

WHEREFORE, Defendant denies any liability to Plaintiff and respectfully requests the Court dismiss this case with prejudice, enter judgment in favor of Defendant and against Plaintiff, award Defendant its costs and attorney fees, and grant Defendant any such further relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Further answering Plaintiff's Complaint and as additional defenses to the claims raised by Plaintiff, Defendant incorporates by reference the foregoing answers as though fully set forth herein, without assuming the burden of proof where such burden is otherwise on Plaintiff as a matter of applicable substantive procedural law and without waiving its right to submit Plaintiff's claims to arbitration, and further alleges as follows:

1.    Failure to State a Claim. Plaintiff has failed to state a claim upon which relief can be granted under the FDCPA, TCPA, and MOC.

2.    Arbitration. Plaintiff's claims are barred, in whole or in part, because of an enforceable arbitration provision.

3.    Bona Fide Error. Defendant states that any violation of the FDCPA, which it denies occurred, was the result of a bona fide error that occurred despite Defendant's, and/or its assigns,  maintenance of procedures reasonably designed to avoid such error.  See 15 U.S.C. § 1692k(c).  Defendant has reasonable procedures in place to minimize the errors of which Plaintiff complains.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

10

4.   <u>Reasonable Procedures to Assure Compliance.</u> Plaintiff's claims are barred, in whole or in part, by Defendant's and/or its assigns reasonable procedures to assure compliance with the statutes referred to in Plaintiff's Complaint.

5.   <u>Lack of Standing.</u> Plaintiff lacks standing to bring these claims.

6.   <u>Statutory Bar.</u> Plaintiff's statutory claims are inapplicable and/or barred by the applicable limitations of liability provisions and defenses provided for in the statutes referred to in the Complaint.

7.   <u>Unclean Hands.</u> Plaintiff's claims must be denied, in whole or in part, due to Plaintiff's unclean hands.

8.   <u>Failure to Mitigate Damages.</u> Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate.

9.   <u>Setoff.</u> To the extent Plaintiff has suffered any damages, which Defendant denies, such damages are subject to a setoff for monies Plaintiff owes to Defendant.

10.   <u>Waiver/Estoppel.</u> By his conduct *vis-à-vis* the debt at issue, Plaintiff is estopped from raising and/or has waived all or part of her claims against Defendant.

11.   <u>Express Prior Consent.</u> Plaintiff's claims are barred, in whole or in part, because express prior consent was given to receive telephone calls on the cellular device at issue.

12.   <u>Lack of Jurisdiction.</u> The FCC has primary jurisdiction over the TCPA issues in this case, including determining what is an "automatic telephone dialing system" ("ATDS") under the TCPA.

13.   <u>Voluntary Payment.</u> Plaintiff's claims are barred in whole or in party due to voluntary payments on the debt at issue.

14.   <u>Res Judicata/Collateral Estoppel.</u>  Plaintiff's claims are barred, in whole or in part, by res

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

judicata/collateral estoppel.

15. <u>Release</u>. Plaintiff has released her claims, in whole or in part, against Defendant.

16. <u>Reservation of Rights.</u> Defendant reserves the right to add additional affirmative defenses as may become apparent during discovery.

WHEREFORE, without waiving any right to arbitrate Plaintiff's claims, Defendant denies any liability to Plaintiff and respectfully requests the Court dismiss this case with prejudice, enter judgment in favor of Defendant and against Plaintiff, award Defendant its costs and attorney fees, and grant Defendant any such further relief the Court deems just and appropriate.

Dated: February 8, 2018                    Respectfully submitted,


                                           */s/ Theodore W. Seitz*
                                           Theodore W. Seitz (P60320)
                                           Kyle M. Asher (P80359)
                                           **DYKEMA GOSSETT, PLC.**
                                           Capitol View Bldg.
                                           201 Townsend St., Suite 900
                                           Lansing, MI 48933
                                           (517) 374-9149
                                           tseitz@dykema.com
                                           kasher@dykema.com
                                           Attorneys for Defendant
                                           Midland Funding, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, and that a copy has been served by First Class mail upon any Non-ECF users.

*/s/ Theodore W. Seitz*

Theodore W. Seitz (P60320)
Kyle M. Asher (P80359)
**DYKEMA GOSSETT, PLC.**
Capitol View Bldg.
201 Townsend St., Suite 900
Lansing, MI 48933
(517) 374-9149
tseitz@dykema.com
kasher@dykema.com
Attorneys for Defendant
Midland Funding, LLC

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•CAPITOL VIEW, 201 TOWNSEND STREET, SUITE 900•LANSING, MICHIGAN 48933

4852-7909-2569.1
097356\000999