## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MIRIAM WESTVEER** § | |
| § | **Case No. 1:17-cv-1112** |
| **Plaintiff** § | |
| § | |
| -v- § | **Hon. Janet T. Neff** |
| § | |
| **MIDLAND FUNDING, LLC,** § | |
| § | |
| § | |
| **Defendant.** § | |

### JOINT STATUS REPORT PREPARED UNDER RULE 26(f)

Counsel involved in the preparation of this report:

Jeffrey D. Mapes on behalf of Plaintiff.

Theodore W. Seitz on behalf of Defendant.

1. **Jurisdiction:** This Court has federal question jurisdiction over Plaintiff's claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et. seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d. Plaintiff seeks to assert supplemental jurisdiction, 28 U.S.C. § 1367, over the companion state law claims brought under the Michigan Occupational Code.

2. **Jury or Non-Jury:** This case is to be tried before a jury.

3. **Judicial Availability:** The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in this case, including trial, and to order the entry of final judgment.

4. **Statement of the Case:**

    a. **Plaintiff's Statement of the Case:** Defendant unlawfully placed repeated calls to Plaintiff's cellular telephone using an automated telephone dialing system. Plaintiff had never provided Defendant with her cellular telephone number. Defendant continued to place numerous calls to Plaintiff with the intent to harass, annoy, and abuse Plaintiff.

    b. **Defendant's Statement of the Case:** Defendant Midland Funding, LLC did not place any telephone calls to Plaintiff, whether through an automated telephone

      dialing system or otherwise.  Midland has no record of Plaintiff having an account owned by Midland.

5. **Prospects of Settlement:**  The parties have not discussed settlement to date, but are amenable to a settlement conference with the assigned Magistrate Judge towards the end of discovery.

6. **Pendent State Claims:** This case involves related state law claims brought by Plaintiff under the Michigan Occupational Code.  (Compl. ¶¶ 35, 38, 39.)  The parties dispute whether this Court should exercise jurisdiction over the related state law claim.

7. **Joinder of Parties and Amendment of Pleadings:** The parties expect to file all motions for joinder of parties to this action by March 23, 2018.

8. **Disclosures and Exchanges:**

The parties agree that Fed. R. Civ. P. 26(a)(1) disclosures shall be made on or before March 19, 2018.

Plaintiff expects to be able to furnish the names of expert witness(es) by June 4, 2018. Defendant does not expect to call expert witnesses, but if that changes, Defendant expects to be able to furnish the names of expert witness(es) by June 11, 2018.

It would be advisable in this case to exchange written expert reports as contemplated by Fed. R. Civ. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: Plaintiff by June 11, 2018. Defendant by June 18, 2018.

The parties have agreed to make available the following documents without the need of a formal request for production:

**From Plaintiff to Defendant by March 19, 2018:**

1. A log of Plaintiff's cellular telephone records for the timeframe relevant to this Complaint.

2. A record proving that Plaintiff has an account owned by Midland.

**From Defendant to Plaintiff by March 19, 2018:**  To the extent Defendant possesses this information, Defendant will provide:

1. A log of all calls made to Plaintiff's cellular telephone by Defendant, which will include the date and time of such calls.

2. Tape recordings or audio files of any conversations Defendant had with the Plaintiff.

    3. Documents which identify the make, model, and software version of the telephone system(s) used by Defendant to make telephone calls to Plaintiff's cellular telephone number.

    4. A copy of all policies and procedures in effect from the date Defendant received the debt alleged to be owed by Plaintiff, to present, regarding Defendant's use of an automatic telephone dialing system, artificial voice, and/or pre-recorded voice.

9. **Discovery:** The parties believe that all discovery proceedings can be completed by July 2, 2018. The parties recommend the following discovery plan:

   - Discovery will be conducted on the topics addressed in the section above entitled "Disclosures and Exchanges," and any other topics deemed appropriate by the parties within the scope of Rule 26.

   - Discovery need not be conducted in phases.

   - The presumptive limits set forth by Rules 26, 30, and 33 of the Federal Rules of Civil Procedure are recommended.

10. **Disclosure of Discovery of Electronically Stored Information:** The parties suggest that electronically stored information be handled as follows:

    Plaintiff will determine whether she has any electronically stored information, and if so, will produce the same to Defendant in a format mutually agreed upon by the parties.

    Defendant will determine whether it has any electronically stored information, and if so, will produce the same to Plaintiff in a format mutually agreed upon by the parties.

    The parties do not anticipate any issues relating to electronically stored information, but will bring any issues that do arise to the Court's attention promptly after exhausting their best attempts to resolve the dispute without Court intervention.

11. **Assertion of Claims of Privilege or Work-Product Immunity After Production:** The parties expect to agree to the terms of a standard Protective Order governing claims of privilege and inadvertent production of privileged documents.

12. **Motions:** The parties acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.

>The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).
>
>Plaintiff expects to file a Motion for Summary Judgment.
>
>The parties agree that all dispositive motions will be filed by July 30, 2018, assuming a discovery cutoff of July 3, 2018.
>
>The parties agree that all pre-motion conference requests will be filed by June 18, 2018.

13. **Alternative Dispute Resolution:** The parties believe that a settlement conference with the assigned Magistrate Judge towards the end of discovery would be appropriate.

14. **Length of Trial:** Counsel estimate that trial will last approximately 2 days total, allocated as follows: 1 day for Plaintiff's case, 1 day for Defendant's case.

15. **Electronic Document Filing System:** Counsel acknowledges Local Civil Rule 5.7(a), which requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. Counsel will abide by the requirements of this rule.

Respectfully Submitted:

| | |
|---|---|
| __/s/ Jeffrey D. Mapes_____ | /s/ _Theodore W. Seitz_____ |
| Jeffrey D. Mapes (P70509) | Theodore W. Seitz (P60320) |
| Jeffrey D. Mapes PLC | Kyle M. Asher (P80359) |
| 29 Pearl St. NW, Ste. 305 | Dykema Gossett, PLC |
| Grand Rapids, MI 49503 | Capitol View Bldg. |
| Tel: (616) 719-3847 | 201 Townsend St., Ste. 900 |
| Fax: (616) 719-3857 | Lansing, MI 48933 |
| jeff@mapesdebt.com | (517) 374-9149 |

Dated: March 2, 2018